1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8   ERNEST DANIEL MEDINA,                         1:12-cv-01046-SAB (PC)

9           Plaintiff,                            ORDER DISMISSING ACTION, WITHOUT
                                                  PREJUDICE, FOR FAILURE TO PROSECUTE
10   v.

11   T. COUNTS, et al.,

12           Defendants.

13   _____/

14           Plaintiff Ernest Daniel Medina ("Plaintiff") is or was a state prisoner proceeding pro se and

15   in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 16, 2013, the

16   Court received a returned order that was issued on January 8, 2013.  The sixty-three (63) day period

17   for notice of change of address has now expired, and Plaintiff has not filed a notice of change of

18   address or otherwise notified the Court.

19           Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the

20   Court apprised of his or her current address at all times.  Plaintiff was advised of this rule in the

21   Court's First Informational Order.  (ECF No. 2 ¶ 11.)  Local Rule 183(b) provides, in pertinent part:

22           If mail directed to a plaintiff in propria persona by the Clerk is
             returned by the U.S. Postal Service, and if such plaintiff fails to notify
23           the Court and opposing parties within sixty-three (63) days thereafter
             of a current address, the Court may dismiss the action without
24           prejudice for failure to prosecute.

25   In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and

26   he has not notified the Court of a current address.

27           "In determining whether to dismiss an action for lack of prosecution, the district court is

28   required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;

1  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

2  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

3  sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779

4  F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not

5  conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA)

6  Prods. Liab. Lit., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

7       In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned

8  mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there

9  are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

10       Accordingly, it is hereby ORDERED that this action is DISMISSED, without prejudice,

11  based on Plaintiff's failure to prosecute.

12

13

14  IT IS SO ORDERED.

15  **Dated:**  **April 26, 2013** _____

    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28